IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY C. SMITH, JQ-7068,<br>  Petitioner, | )<br>)<br>) |
| v. | )     2:16-cv-1817 |
| | ) |
| JOHN E. WETZEL, et al.,<br>  Respondents. | )<br>)<br>) |

MEMORANDUM and ORDER

Presently before the Court for disposition is the respondents' motion to dismiss for lack of timeliness (ECF No. 8). For the reasons set forth below, the motion will be granted, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Timothy C. Smith an inmate at the State Correctional Institution at Forest has presented a petition for a writ of habeas corpus (ECF No.1). Smith is presently serving a 24 years, 8 months and 1 day to 76 years' sentence imposed following his conviction by a jury of 23 counts of aggravated indecent assault, 29 counts of indecent assault, 26 counts of endangering the welfare of a child and corruption of a minor at No. CP-33-CR-83-2009 in the Court of Common Pleas of Jefferson County, Pennsylvania. This sentence was imposed on June 23, 2010.[1] An appeal to the Superior Court was filed and the judgment of sentence affirmed on September 13, 2011. Relief was not sought from the Pennsylvania Supreme Court.[2] Allowance of appeal was denied by the Pennsylvania Supreme Court on November 4, 2015.[3]

A post-conviction petition was filed on October 9, 2012 and relief was denied on December 13, 2013.[4] On appeal, the denial of relief was affirmed on March 31, 2015.[5]

The factual background to this petition is set forth in the March 31, 2015 Memorandum of the Superior Court (ECF No. 1-1):

---

[1] See: Petition at ¶¶ 1-6.
[2] Id. at ¶9.
[3] See: Jefferson County Docket CP-33-CR-83-2009 at p.49.
[4] Id. at ¶11.
[5] Id. at ¶12(d).

> Appellant was arrested on January 5, 2009, and charged with various offenses after his step-daughter, C.P., alleged that he had sexually abused her beginning when she was eight years old and continuing until she was approximately thirteen years old. Appellant proceeded to a jury trial on October 5 and 6, 2009, at the close of which the jury convicted him of 23 counts of aggravated indecent assault, 29 counts of indecent assault (person less than 13 years of age), and 26 counts of endangering the welfare of children. The trial court subsequently sentenced Appellant to an aggregate term of 24 years, 8 months, and one day to 76 years' sentence. Appellant was also determined to be a sexually violent predator for Megan's Law purposes. Appellant timely appealed from his judgment of sentence and, on September 13, 2011, we affirmed. … Appellant did not file a petition for allowance of appeal with our Supreme Court.
>
> On October 9, 2012, Appellant filed a timely, counseled PCRA petition alleging, *inter alia*, the ineffective assistance of his trial counsel … A PCRA hearing was conducted on May 23, 2013, at which Appellant and [his former attorney] both testified. On December 30, 2013, the PCRA court issued an opinion and order denying Appellant's petition. Appellant filed a timely notice of appeal.
>
> \*\*\*
>
> Appellant does not dispute the court's factual findings regarding [trial counsel's] strategy and his reasons for not presenting significant evidence of [the victim's] bipolar diagnosis. Instead, Appellant attacks the PCRA court's legal determination that [trial counsel] acted reasonably.
>
> \*\*\*
>
> Appellant has failed to demonstrate that any of his claims satisfies all three prongs of the test for counsel's ineffectiveness. Accordingly, the PCRA court did not err in denying Appellant post-conviction relief. (ECF No.1-1).

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant petition executed on November 14, 2016 and received in this Court on December 6, 2016 petitioner contends he is entitled to relief on the following grounds:

1. Petitioner was deprived of his Sixth Amendment right to effective counsel at trial.
2. As a matter of law, the evidentiary standard used to convict him on duplicate counts of each offense violated due process and petitioner's right to confront the witnesses against him.
3. Pennsylvania law violated notions of due process by not permitting individuals to challenge post-conviction relief act proceeding flaws outside the PCRA.[6]

The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. Historically, on September 13, 2011 the Superior Court affirmed Smith's conviction and leave to appeal was not sought. Thus, his conviction became final on October 13, 2011 when the time in which to seek review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012); Rule 1113, Pa.R.App.P. On October 9, 2012, or almost exactly a year after his conviction became final Smith filed a timely post-conviction petition. 42 Pa.C.S.A. § 9545(b). That petition was denied by the trial court and on March 31, 2015, the denial of relief was affirmed by the Superior Court and allowance of appeal to the Pennsylvania Supreme Court was denied on November 4, 2015 (ECF No. 1-1). The instant petition was executed on November 14, 2016 or slightly over a year after the final action of the Pennsylvania Supreme Court in the post-conviction proceedings. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the

---

[6] See: Petition at ¶12.

one year period in which to seek relief has expired, and the petition here is time barred unless Smith can demonstrate a basis for equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010).

On January 25, 2017, Smith was ordered to file an appropriate response to the present motion (ECF No. 17). In his Response filed on February 28, 2017 (ECF No. 19), Smith essentially contends that his post-conviction counsel advised him that his federal filing deadline was February 1, 2017. "Attorney miscalculation is simply not sufficient to warrant equitable tolling," Lawrence v. Florida, 549 U.S. 327, 336 (2007).

Petitioner also argues that the one year period in which to seek federal relief renews from the denial of post-conviction relief. The tolling period is cumulative and does not start anew when the petitioner receives another adverse determination. That is, the time period commences when the petitioner's conviction becomes final through the filing of his federal petition and is only tolled during the pendency of "properly filed" state petitions. See: Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002), cert denied 538 U.S. 1002 (2003); Ajamu-Osagboro v. Patrick, 620 F..Supp. 2d 701 (E.D.Pa. 2009).

In the instant case, over two years of non-excludable time elapsed between the time Smith's conviction became final and his filing here, and for that reason his present petition is subject to dismissal as untimely. An appropriate Order will be entered.

ORDER

AND NOW, this 10th day of March 2017, for the reasons set forth in the foregoing Memorandum, the petition of Timothy C. Smith for a writ of habeas corpus (ECF No.8) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

The petitioner is advised that if he desires to file an appeal he must do so within thirty (30) days of this date. F.R.App. 4(a).

s/ Robert C. Mitchell<br>
United States Magistrate Judge